IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICCOTIZE DAWSON, | ) | CASE NO. 1:07CV0864 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE OLIVER |
| v. | ) | |
| | ) | MAGISTRATE JUDGE HEMANN |
| BENNY KELLY, Warden, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is Reccotize Dawson's ("Dawson") petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on March 23, 2007. Dawson is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entries of sentence in the case of *State vs. Dawson*, Case No. CR-433027 (Cuyahoga County 2003). For the reasons set forth below the magistrate judge recommends that the petition be dismissed.

I

The January 2003 term of the Cuyahoga County grand jury indicted Dawson on one count of murder with a firearm specification, felonious assault with a firearm specification, and having a weapon while under a disability. Dawson initially pleaded not guilty to all counts of the indictment. Before trial began, Dawson negotiated a plea agreement. In the agreement, as read in open court during his plea hearing on August 13, 2003, Dawson consented to plead guilty to voluntary manslaughter with a firearm specification and to felonious assault without a firearm specification. In return the state recommended a

14

sentence of ten years' imprisonment for voluntary manslaughter plus three years' imprisonment, to be served consecutively, for the firearm specification. Dawson would also be sentenced to seven years' imprisonment for felonious assault, that sentence to be served consecutively to his other sentences. Dawson also agreed to forego early release. At the hearing, Dawson's attorney told the court that he had informed Dawson of his constitutional rights and of the penalties connected with pleading guilty. The court informed Dawson that he would be subject to community control upon serving his sentences and that any violation of the terms and conditions of release would result in his return to imprisonment. The court also informed Dawson of his trial rights, although it did not explicitly tell him that he was waiving those rights by pleading guilty. The court failed to tell Dawson of the appellate rights he would forego or of any appellate rights that would remain upon his plea of guilty. After Dawson pleaded guilty to the reduced charges, the court sentenced him in accordance with the plea agreement.

On May 10, 2005 Dawson moved in the state appellate court for leave to file a delayed appeal. Dawson alleged in his motion that the trial court had failed to inform him that he could appeal his sentence and that, therefore, his waiver of his right to appeal his sentence had not been knowing and voluntary. On June 6, 2005 the state appellate court denied his motion without opinion and dismissed his appeal *sua sponte*. Dawson did not appeal this decision to the Ohio Supreme Court.

On August 17, 2005 Dawson filed in the trial court a motion to withdraw his guilty plea pursuant to Ohio Crim. R. 32.1 ("R. 32.1"). Rule 32.1 requires defendants to move to withdraw a guilty plea before sentencing, but it allows courts to set aside a guilty plea after sentencing to correct a manifest injustice. Dawson alleged in his motion that his guilty

plea was obtained through a manifest injustice because his plea was not knowing and voluntary. In particular, Dawson alleged that the trial court failed to inform him that post-release control would be part of his sentence and that he could be returned to prison for violating the terms of his release, failed to inform him that he was waiving his constitutional rights by pleading guilty, and failed to make the requisite findings of fact before sentencing him to consecutive sentences. The trial court denied Dawson's motion without opinion on September 20, 2005.

Dawson filed a notice of appeal in the state appellate court on October 13, 2005. Dawson raised three assignments of error on appeal:

ASSIGNMENT OF ERROR NO. I:

> THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA PER CRIM.R. 32.1 WHEN THE TRIAL COURT DID NOT COMPLY WITH MANDATE OF EITHER CRIM.R. 11(C)(2) OR BOYKIN V. ALABAMA (1969), 395 U.S. 238, 89 S.CT. 1709, 23 L.ED.2D 274.

ASSIGNMENT OF ERROR NO. II:

> THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA WHEN IT FOUND APPELLANT'S PLEA WAS KNOWINGLY AND VOLUNTARILY MADE AND FAILED TO SUBSTANTIALLY COMPLY WITH CRIMINAL RULE OF PROCEDURE 11(C)(2), VIOLATIONS OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, SECTION 16, ARTICLE 1, OF THE OHIO CONSTITUTION.

ASSIGNMENT OF ERROR NO. III:

> THE SENTENCING COURT WAS WITHOUT STATUTORY JURISDICTION TO IMPOSE THE MAXIMUM AND CONSECUTIVE SENTENCE UPON APPELLANT THEREFORE THE SENTENCE IS NULLITY OR VOID UNDER DUE PROCESS AND EQUAL PROTECTION CLAUSES OF BOTH THE UNITED STATES AND THE OHIO CONSTITUTIONS.

On July 6, 2006[1] the state appellate court affirmed the judgment of the trial court in denying Dawson's motion to withdraw his guilty plea. The court noted that Dawson had failed to demonstrate a manifest injustice as required by Crim.R. 32.1 for motions filed after sentencing and was improperly attempting to use a motion to withdraw a guilty plea to raise claims that should have been raised on direct appeal. Dawson applied for reconsideration on July 17, 2006, and the state appellate court denied his application on July 26, 2006.

On September 8, 2006 Dawson filed in the Ohio Supreme Court a notice of appeal. In his memorandum in support of jurisdiction Dawson raised three propositions of law:

> Proposition of Law No. I: Whether a criminal defendant is denied substantial rights of due process when defendant who pled guilty is kept completely ignorant of his appellate rights under Crim.R. 32(B).
>
> Proposition of Law No. II: Whether a criminal defendant is denied his substantial rights of due process to redress in the court when a court of appeals recast a Crim.R. 32.1 motion as a substitute for an appeal, given a Crim.R. 32.1 motion targets the withdrawal of a plea, it is not a "collateral challenge to the validity of a conviction or sentence.["]
>
> Proposition of Law No. III: Whether a court of appeals['] review of a trial court's denial of Crim.R. 32.1 motion to withdraw a guilty plea is limited to a determination of whether the trial court abused its discretion in denying the motion. If the answer is yes, does any other factfinding invade upon the province of the trial court and offends [sic] a defendant's substantial rights of due process under both the United States and the Ohio Constitutions.

On December 13, 2006 the Ohio Supreme Court declined jurisdiction and dismissed Dawson's appeal as not involving any substantial constitutional question.

Dawson filed a petition for a writ of habeas corpus on March 23, 2007. Dawson asserts as a single ground for relief that he was denied his right to an appeal when the trial court failed to inform him of his right to an appeal and the state appellate court failed to

[1] The decision was not filed until July 26, 2006

grant his motion for a delayed appeal. Respondent filed an Answer/Return of Writ on August 16, 2007 (Docket #8). Dawson filed a Reply on October 12, 2007 (Docket #13). Thus, the petition is ready for decision.

II

*A. Jurisdiction*

Dawson was sentenced by the Court of Common Pleas of Cuyahoga County, Ohio. Dawson filed his writ of habeas corpus in the Northern District of Ohio and raises a claim regarding the constitutionality of his incarceration under 28 U.S.C. § 2254.

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . . Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a ) & (d). This court has jurisdiction over Dawson's claims.

*B. Statute of Limitations*

Respondent argues that Dawson's petition is barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2244 ("§ 2244"), limits the time within which a person in custody pursuant to the judgment of a state court may file a petition for a federal writ of habeas corpus:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Respondent asserts that Dawson's judgment became final on August 19, 2003 when Dawson's conviction and sentence were journalized and that the period within which he could have appealed his sentence expired on September 18, 2003. The statutory period for filing a timely petition for a writ of habeas corpus, according to respondent, began on September 19, 2003 and expired on September 18, 2004. If respondent is correct, Dawson's petition is untimely. Respondent further contends that even though the trial court failed to inform Dawson of his appellate rights, Dawson has not demonstrated that he exercised diligence in discovering those rights. Respondent concludes, therefore, that a later date for starting the statutory period pursuant to § 2244(D) would not be appropriate. Finally, respondent contends that the court should not equitably toll the running of the statutory period because Dawson has not demonstrated the diligence necessary to allow tolling. Dawson responds that his motion is timely because he was diligent in discovering that he had not waived his right to an appeal and because his motion to withdraw his guilty plea tolled the running of the statutory period.

Dawson argues that § 2244(d)(1)(D) provides the starting date for the beginning of the one-year period of limitation for filing a habeas petition. If Dawson is correct that the statutory period began to run shortly before he filed his motion for a delayed appeal, his petition is not time barred. Dawson contends that he first became aware of his right to appeal on or about April 25, 2005. Reply at 4. The statutory period ran for 14 days until

May 10, 2005, when Dawson moved in the appellate court for leave to file a delayed appeal. That motion tolled the running of the clock. *Searcy v. Carter*, 246 F.3d 515 (6th Cir. 2001). The state appellate court denied Dawson's motion on June 6, 2005. The clock was tolled during the 45-day period within which he could have appealed this decision to the Ohio Supreme Court, until July 21, 2005. *See* Ohio S. Ct. Prac. R. II, § 2(A). The clock ran for 27 days, for a total of 41 days, until Dawson filed on August 17, 2005 his motion to withdraw his guilty plea. The statutory period was tolled until December 13, 2006, when Dawson exhausted his state court appeals of the trial court's denial of this motion. *See Carey v. Saffold,* 536 U.S. 214, 222 (2002) (holding that a petitioner's claim is "pending" for the entire term of state court review, including intervals between one state court's judgment and the filing of an appeal with a higher state court).[2] Because a motion

---

[2] There is some question as to whether Dawson's motion to withdraw his guilty plea tolled the statute of limitations. To toll the running of the statutory period, a motion must be "properly filed." *Artuz v. Bennett*, 531 U.S. 4 (2000). According to *Artuz*:

> [A]n application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. . . . [I]n common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar.

*Artuz*, 531U.S. at 364 (footnote and citations omitted).

Ohio Crim R. 32.1 provides that a motion to withdraw a guilty plea "*may be made only before sentence is imposed*; but to correct a manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." (Emphasis added). Dawson filed well after sentencing, and the state appellate court found that Dawson failed to show that a manifest injustice would result if he were not allowed to withdraw his guilty plea. It is not clear from the rule (1) whether if a defendant alleges a manifest injustice he may properly move after sentencing to withdraw a guilty plea or (2) whether a showing of a manifest injustice is a procedural requirement to proper filing of the motion or a claim within the application which may or may not be meritorious.

to withdraw a guilty plea is a direct attack upon a conviction and not a motion for collateral relief, *State v. Bush*, 96 Ohio St. 3d 235, 238, 773 N.E.2d 522, 525-26 (2002), Dawson's 90-day period within which to apply for a writ of certiorari to the United States Supreme Court tolled the running of the statutory period until March 13, 2007, *see discussion at Lawrence v. Florida*, ___ U.S. ___, 127 S. Ct. 1079, 1082-85 (2007). The clock then ran for 9 more days, for a total of 50 days, until Dawson filed his petition for a writ of habeas corpus on March 23, 2007.

The court does not have all the facts, however, to determine whether Dawson exercised due diligence in discovering that he had not waived his right to an appeal. "The proper task in a case such as this one is to determine when a duly diligent person in petitioner's circumstances would have discovered [his right to an appeal]." *DiCenzi v. Rose*, 452 F.3d 465, 470 (6th Cir. 2006)[3] (quoting *Wims v. United States*, 225 F.3d 186, 190 (2d Cir. 2000)) (alteration by the quoting court). When a petitioner asserts that § 2244(d)(1)(D) determines when the limitation period begins, "the petitioner bears the

---

The state appellate court did not contend, however, that Dawson's motion to withdraw his guilty plea had been improperly filed. The court only found that it would affirm the trial court's denial of the motion because (1) Dawson had not shown that a manifest injustice would result if he were not allowed to withdraw his guilty plea, and (2) Dawson was improperly attempting to use a motion to withdraw a guilty plea to sidestep the appellate court's denial of his motion for a delayed appeal.

[3] Respondent argues that this case is better analyzed in accordance with *Johnson v. United States*, 544 U.S. 295 (2005). In *Johnson*, the question was whether petitioner had been diligent in seeking the reversal of state sentences that had served as the basis for a federal sentence enhancement. Unlike the present case, there was no indication that the petitioner in *Johnson* had not been told of his rights to attack his convictions or sentence. The facts of *DiCenzi*, on the other hand, are nearly identical to the instant case: Both involve a defendant who was not told at sentencing of his appellate rights and filed a delayed appeal soon after the plaintiffs claim they learned of their right to appeal. Thus, *DiCenzi* is the better guide to examining the instant case.

burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D). *DiCenzi*, 452 F.3d at 471. The transcript of the sentencing hearing demonstrates that the sentencing court failed to tell Dawson of his appellate rights or of the appellate rights that he would waive by pleading guilty. Dawson also asserts that after his sentencing hearing his attorney told him that he had no right to an appeal. As the Sixth Circuit noted when facing similar facts in *DiCenzi*, "the date on which the limitations clock began to tick is a fact-specific issue the resolution of which depends, among other things, on the details of [a defendant's] post-sentence conversation with his lawyer and on the conditions of his confinement in the period after [sentencing]." *Id.* (quoting *Wims*, 225 F.3d at 190-91). For this reason, the Sixth Circuit remanded *DiCenzi* to the district court with instructions to determine when due diligence on the part of a person in Dawson's situation would have discovered his right to an appeal. The Sixth Circuit noted that in making this determination the district court might consider granting an evidentiary hearing "if the dictates of 28 U.S.C. § 2254(e) are satisfied . . . ." *DiCenzi*, 452 at 472.

The court need not decide whether Dawson's claims are barred by the statute of limitations. As is shown below, Dawson's single ground for relief has been procedurally defaulted. For this reason, the magistrate judge recommends that the court dismiss Dawson's petition as procedurally barred.

*C. Exhaustion of state remedies*

A state prisoner must exhaust all available state remedies or have no remaining state remedies available prior to seeking review of a conviction via federal habeas corpus.

28 U.S.C. § 2254(b) and (c); *Castillo v. Peoples*, 489 U.S. 346, 349 (1989); *Riggins v. Macklin*, 936 F.2d 790, 793 (6th Cir. 1991). If any state procedures for relief remain available, the petitioner has not exhausted state remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

A petitioner must fairly present any claims to the state courts in a constitutional context properly to exhaust state remedies. *Anderson v. Harless*, 489 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270 (1971); *Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir. 1989). Federal courts lack jurisdiction to consider any claim that was not fairly presented to the state courts. *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003). "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard*, 404 U.S. at 275; *see also Harris v. Reeves*, 794 F.2d 1168, 1174 (6th Cir. 1986). The exhaustion requirement is properly satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on all of the petitioner's claims. *Manning v. Alexander*, 912 F.2d 878, 881-83 (6th Cir. 1990).

Fair presentment of a claim in a federal constitutional context requires a petitioner to apprise the state courts that a claim is a federal claim, "not merely as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A petitioner need not cite "'book and verse on the federal constitution,'" *Picard*, 404 U.S. at 278, to apprise state courts that his claim is based on federal law:

> In determining whether a petitioner has fairly presented a federal constitutional claim to the state courts, a habeas court may consider whether (1) the petitioner phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) the petitioner relied upon federal cases employing the constitutional analysis in question; (3) the petitioner relied upon state cases employing the federal

> has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Respondent contends that Dawson has procedurally defaulted his only ground for relief, *i.e.* that he was denied his right to an appeal when the trial court failed to inform him of his right to an appeal and the state appellate court failed to grant his motion for a delayed appeal. Dawson raised the claim that the trial court had failed to inform him of his right to an appeal in his motion in the state appellate court for a delayed appeal. The state appellate court denied this motion without opinion. Dawson failed to appeal this decision to the Ohio Supreme Court or to raise in that court the claim that the state appellate court's refusal to grant his motion denied his right to an appeal. Dawson procedurally defaulted his sole ground for relief by failing to present his claim to the Ohio Supreme Court.

III

For the reasons given above the magistrate judge recommends that the court grant respondent's motion and dismiss Dawson's petition for a writ of habeas corpus.

Date: October 19, 2007

/s/Patricia A. Hemann
Patricia A. Hemann
United States Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).